WARD BROTHERS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30992. Promulgated November 30, 1931.

990

*Leon F. Cooper, Esq.*, and *Raymond F. Garrity, Esq.*, for the petitioner.

*E. A. Tonjes, Esq.*, for the respondent.

992

OPINION.

VAN FOSSAN: The fundamental question for determination in this proceeding is whether or not, under the provisions of section 280 of the Revenue Act of 1926, the petitioner is liable as a transferee for the additional income taxes for the year 1918 which were assessed against the Krug Baking Company of Ohio.

Under its contract of July 1, 1918, with William B. Ward the Krug Baking Company of Ohio made a bona fide sale of all its property of every kind to the Krug Baking Company of Delaware, which was Ward's assignee. There was no identity of stockholders of the two companies nor was Ward a stockholder of the Krug Baking Company of Ohio. At the date of the contract no income taxes for the year 1918 had accrued or were due from the Ohio company. The consideration for the sale was the payment to the Ohio company of $325,000 and an agreement on the part of the Krug Baking Company of Delaware, through Ward, its assignor, that it would pay the

Ohio company's debts in an amount not in excess of $10,000 more than the Ohio company's bills and accounts receivable, together with the further agreement that the Delaware company would pay the Ohio company's " United States income taxes since January 1, 1918." It was stipulated by the parties to this proceeding that " the terms and conditions of the said contract were carried out as therein provided." The cash price, namely, $325,000, was paid to the Ohio company in the manner provided in the contract and, upon the dissolution of that company, that sum, which appears to have been the Ohio company's only asset after the sale, was distributed to its chief stockholder, one George F. Krug. Krug is not a party to this proceeding and therefore we may not determine whether or not he is a transferee of the Krug Baking Company of Ohio who is liable under the provisions of section 280 of the Revenue Act of 1926 for the payment of the deficiency involved herein.

It is manifest from the facts that the sale of the property of the Krug Baking Company of Ohio to the Krug Baking Company of Delaware, under the terms of the Ohio company's contract with William B. Ward, was not made in fraud of creditors and that the Ohio company was not insolvent at the date of the contract or immediately thereafter. If, therefore, the Delaware company was liable at any time as a transferee to pay the income taxes of the Ohio company for the year 1918, the liability was predicated on the Delaware company's purchase of the Ohio company's property under a contract providing that the purchaser would pay the seller's " United States income taxes since January 1, 1918." If the petitioner, which four years after the date of the sale referred to succeeded to the assets of the Delaware company, is liable for payment of the deficiency involved herein its liability must be predicated on proof that it received from the Delaware company assets which had been the property of the Krug Baking Company of Ohio and also on proof that it assumed a liability to pay the Ohio company's income taxes for the year 1918 as provided in the contract of July 1, 1918. If it is not proved that the petitioner received from the Delaware company assets of the Ohio company purchased under the contract of July 1, 1918, then the petitioner can not be held liable as a transferee of the Ohio company for the deficiency involved, for the reason that the liability assessable under section 280 of the Revenue Act of 1926 is that imposed upon transferees by reason of their receipt of property of the taxpayer. See Report of the Senate Committee on Finance, January 22, 1926, pp. 28, 29, 30; *A. H. Graves et al.*, 12 B. T. A. 124. On December 31, 1922, the petitioner succeeded to the Delaware company's assets in liquidation of that company's stock which the petitioner owned. The petitioner at that time assumed all

of the Delaware company's liabilities and the value of the assets of the Delaware company received by it was in excess of the amount of the deficiency here involved. These facts are stipulated. But there is no proof in the record that among the assets received by the petitioner from the Delaware company there was included any of the property received by the Krug Baking Company of Delaware from the Krug Baking Company of Ohio. More than four years had elapsed since the date of the contract of sale of the Ohio company's property and the performance of that contract and much may have occurred during that interval with reference to such property received by the Delaware company. It may have been destroyed; it may have been burned; some of it may have been sold, but if sold there is no evidence that the cash received therefor by the Delaware company had not been dissipated or otherwise disposed of. In other words, there is no evidence whatever of the identity of the property received by the petitioner from the Krug Baking Company of Delaware with the property sold to that company by the Krug Baking Company of Ohio. Hence, there is a complete failure of proof as to an essential fact and with respect to that essential fact we are left to sheer conjecture. Moreover, we are of the opinion that the evidence fails to establish that included in the liabilities of the Delaware company assumed by the petitioner was the liability under the contract of sale of July 1, 1918, to pay the Ohio company's " United States income taxes since January 1, 1918." In 1919 there had been filed in behalf of the Krug Baking Company of Ohio an unsworn corporation income and profits-tax return for the year 1918, and the amount of the taxes as therein computed, namely, the sum of $12,174.88, was paid. Whether such payment satisfied all that was understood between the parties to the contract of July 1, 1918, as to the meaning and intent of the agreement to pay " United States income taxes since January 1, 1918," does not appear as a fact in this proceeding. Be that as it may, however, it was stipulated by the petitioner and the respondent that " the terms and conditions " of the contract of July 1, 1918, between the Krug Baking Company of Ohio and Ward, the Delaware company's assignor, " were carried out as therein provided." If that stipulation means anything it means that all the agreements and covenants to be performed by the Delaware company under the contract of 1918 were performed by it. It follows that so far as the record in this case is concerned it is not shown that the petitioner assumed any liability to pay the Krug Baking Company of Ohio's 1918 income and profits taxes. The respondent contends that under the provisions of the contract of July 1, 1918, the United States could successfully maintain a suit at law or in equity against the petitioner to enforce the collection of the deficiency herein

involved and in support of this contention the respondent cites *Austin* v. *Seligman*, 18 Fed. 519; *Philadelphia Rubber Works Co.* v. *United States Rubber Reclaiming Works*, 277 Fed. 171, and other cases holding in effect that under the conditions therein set forth a stranger to a private contract may maintain an action in court to recover under its terms. But even if the respondent's contention in this respect were true, the evidence in this proceeding is not such that we can hold that petitioner's liability as a transferee has been established.

Under section 280 of the Revenue Act of 1926 the burden of proof of liability is on the respondent. Section 602 of the Revenue Act of 1928. For the reasons already stated, it is our opinion that the respondent has failed to sustain that burden.

In view of our conclusion, no discussion of any other question raised by the pleadings and the briefs in this proceeding is necessary.

*Judgment of no transferee liability will be entered.*